DENNIS S. ELLIS (SB# 178196)
dennisellis@paulhastings.com
KATHERINE F. MURRAY (SB# 211987)
katherinemurray@paulhastings.com
SERLI POLATOGLU (SB# 311021)
serlipolatoglu@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC. and REDKEN 5TH AVENUE NYC, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENAS *DUCES TECUM* AND TO TESTIFY AT DEPOSITION TO COSWAY CO.<br><br>LIQWD, INC. and OLAPLEX LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC. and REDKEN 5TH AVENUE NYC, LLC,<br><br>Defendants. | CASE NO. 2:19-mc-00015<br><br>Underlying Litigation<br>Civil Action No. 17-14-JFB-SRF<br>United States District Court<br>District of Delaware<br><br>Third-Party Discovery Cutoff: January 25, 2019<br>Pretrial Conference: June 4, 2019<br>Trial: July 29, 2019<br><br>**[DISCOVERY MATTER]**<br><br>**JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL NON-PARTY COSWAY CO. TO COMPLY WITH SUBPOENA *DUCES TECUM* AND TO TESTIFY AT DEPOSITION**<br><br>Date:<br>Time:<br>Dept.:<br>Judge:<br><br>[Notice of Motion and Motion; Declaration of Katherine F. Murray; and [Proposed] Order Filed and Served Concurrently Herewith] |

# **TABLE OF CONTENTS**

Page

I. L'ORÉAL USA'S PRELIMINARY STATEMENT ........................................ 1
II. COSWAY'S PRELIMINARY STATEMENT ................................................ 4
III. L'ORÉAL USA'S REQUEST TO TRANSFER ............................................ 4
IV. COSWAY'S OBJECTION TO TRANSFER ................................................. 5
V. L'ORÉAL USA'S POSITION AS TO THE ISSUES IN DISPUTE ............. 5
 A. Cosway Should Produce Documents and Provide Testimony Regarding the Composition of the Olaplex Products and its Communications Regarding the Same. ..................................................... 7
 B. Cosway Should Produce Documents and Testimony Regarding Invoices And Payments Relating to the Olaplex Products. ................. 12
VI. COSWAY'S POSITION AS TO THE ISSUES IN DISPUTE .................... 14
 A. The Court May Consider Cosway's Objections. ................................ 14
 B. L'Oréal Has Not Demonstrated That the Requested Documents Are Sufficiently Relevant to Justify the Burden on Cosway. ............. 12
 C. The Court Should Shift the Cost of Compliance to L'Oréal.. ............. 12

## I. L'ORÉAL USA'S PRELIMINARY STATEMENT

L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC (together, "L'Oréal USA") respectfully request that this Court compel third party Cosway Co.'s ("Cosway") compliance with a Subpoena to Testify in a Civil Action with request to produce documents (the "Subpoena") served on December 3, 2018, in connection with *Liqwd, Inc. v. L'Oréal USA, Inc.*, Civil Action No. 17-14-JFB-SRF (the "Underlying Action"), a case currently pending in the United States District Court for the District of Delaware, which is set for trial on July 29, 2019.

The District of Delaware has already determined that the information sought in the Subpoena is relevant. (*See* Declaration of Katherine F. Murray filed concurrently herewith ("Murray Decl."), Ex. K at ¶ 6.) But Cosway, despite having failed to timely object to the Subpoena, has not produced a single document pursuant to the requests in the Subpoena, nor has it agreed to produce a Rule 30(b)(6) witness for any of the topics identified therein. As Cosway is located in Carson, California, pursuant to Federal Rule of Civil Procedure ("Rule") 45, L'Oréal USA respectfully requests that this Court compel Cosway's compliance with the Subpoena. Fed. R. Civ. P. 45(d)(B)(2)(i). Alternatively, if this Court is so inclined, L'Oréal USA requests that this matter be immediately transferred to the District of Delaware for prompt resolution. Fed. R. Civ. P. 45(f); *infra* Section III.

The information L'Oréal USA seeks is plainly relevant to its defenses in the Underlying Action. Liqwd, Inc. and Olaplex LLC (together, "Olaplex") initiated the Underlying Action on January 5, 2017, and have asserted, among other things, causes of action for infringement of U.S. Patent Nos. 9,498,419 ("the '419 patent") and 9,668,954 ("the '954 patent") (together, the "Asserted Patents"). (Murray Decl., Ex. K, ¶ 1.) The Asserted Patents are directed to methods of bleaching hair. (*Id.*) Olaplex alleges that three L'Oréal USA products infringe certain claims of the Asserted Patents, and seeks a permanent injunction enjoining their sale. At the

1  same time, Olaplex maintains that its own hair products that are also used during
2  bleaching (the "Olaplex Products")[1] are not covered by the Asserted Patents.
3  L'Oréal USA served discovery on Olaplex seeking its basis for this assertion, as
4  this information bears directly on L'Oréal USA's invalidity and non-infringement
5  defenses.  But Olaplex has taken the position that it does not know the composition
6  of its products, as the they are made by third parties.  One of those third parties is
7  Cosway.  During recent depositions, Dean Christal, founder of Olaplex LLC,
8  testified that Cosway bottles the Olaplex Products, and that the formulas for the
9  Olaplex No. 2 and No. 3 products were created at Cosway.  (Murray Decl., Ex. A at
10 14:21-15:17.)  Similarly, Eric Pressly, one of the inventors of both the Olaplex
11 Products and the Asserted Patents, testified that the Olaplex No. 2 and No. 3
12 products are formulated at Cosway, and that Cosway is responsible for confirming
13 that the Olaplex Products meet specifications.  (*Id.*, Ex. B at 65:4-12, 109:1-6.  *See*
14 *also id.*, Ex. C at 12 (Olaplex stating it "is without knowledge of the specific
15 methods of mixing and bottling used by Cosway since launch to create the final
16 composition in [Olaplex No. 1]").)

17      On December 3, 2018, L'Oréal USA served Cosway with a Subpoena
18 seeking information regarding the work it performs for Olaplex and the
19 composition of the Olaplex Products.  (*Id.*, Ex. D.)  The Subpoena set Cosway's
20 deposition and document production deadline for December 20, 2018, at 10:00 a.m.

21      Cosway did not properly object or otherwise respond to the Subpoena.  As a
22 result, on December 19, 2018, L'Oréal USA informed Olaplex's counsel that
23 L'Oréal USA planned to proceed with Cosway's deposition the following day.
24 (Murray Decl., E.)  Then, a mere 22 minutes before it was scheduled to appear for
25 deposition, Cosway's counsel emailed blanket, boilerplate objections to the

---

[1] The Olaplex Products are:  Olaplex Bond Multiplier No. 1 ("Olaplex No. 1"), Olaplex Bond Perfector No. 2 ("Olaplex No. 2"), and Olaplex Hair Perfector No. 3 ("Olaplex No. 3").

-2-

JOINT STIP. RE. DEFS.'
MOTION TO COMPEL
COMPLIANCE WITH SUPBOENA

Case No.: 2:19-mc-00015

1  Subpoena. (Murray Decl., Ex. F.) Cosway did not produce a witness for the
2  deposition, nor did it produce any documents. On December 20, 2018, L'Oréal
3  USA recorded Cosway's non-appearance when it failed to produce a witness for
4  deposition. (*Id.*, Ex. G.)

5       L'Oréal USA has been, and will continue to be, prejudiced by Cosway's
6  failure to comply with the Subpoena. On January 4, 2019, L'Oréal USA moved to
7  modify the case schedule in the Underlying Action to extend the deadline to
8  complete third-party discovery, so that L'Oréal USA would have sufficient time to
9  incorporate evidence obtained by third parties in its expert reports, which were
10 originally due January 11, 2019. (Murray Decl., Ex. H.) In its request to the Court,
11 L'Oréal USA explained that, among other things, it required information from third
12 parties regarding the manufacture and composition of the Olaplex Products. (*Id.*,
13 Ex. I at 2.) Olaplex did not dispute the relevance of the discovery L'Oréal USA
14 sought from Olaplex's manufacturers, thereby conceding it. (*Id.*, Ex. J.)

15      On January 14, 2019, the District of Delaware agreed to a slight modification
16 of the schedule so that the parties could complete third-party discovery. In its
17 Order, the Court extended the third-party discovery deadline to January 25, 2019,
18 and indicated that the discovery sought by L'Oréal USA was "relevant to its
19 invalidity positions." (Murray Decl., Ex. K, ¶ 6.) The discovery is also relevant to
20 other claims and defenses in the Underlying Action, including the scope of the
21 Asserted Patents and infringement.

22      For the foregoing reasons, L'Oréal USA requests that this Court issue an
23 order compelling Cosway's compliance with the Subpoena prior to the January 25,
24 2019 deadline, or as soon as possible, and award L'Oréal USA all costs and fees
25 associated with bringing this Motion, especially given Cosway's utter disregard of
26 the Subpoena and the Federal Rules. Fed. R. Civ. P. 37(a)(5)(A). L'Oréal USA
27 has continued to make diligent attempts to meet and confer with Cosway regarding
28 these matters, but Cosway has refused to even respond. (*See, e.g.*, *id.*, Ex. M.)

## II. COSWAY'S PRELIMINARY STATEMENT

Cosway is not a party to the litigation pending in the U.S. District Court for Delaware between L'Oreal and Olaplex. L'Oreal served a deposition subpoena including sweeping document production requests on Cosway just *seventeen* days prior to the noticed December 20, 2018 deposition date and in the midst of the holiday season. L'Oreal did not consult Cosway, or its counsel regarding their availability to attend such a deposition, or Cosway's ability to comply with L'Oreal's extensive document production requests on such short notice.

Cosway has obtained a copy of the U.S. District Court for the District of Delaware's Order regarding L'Oreal's discovery activities and request for an extension. [Case 1:17-cv-00014-JFB-SRF Doc. 610] That Order reveals that L'Oreal scheduled Cosway's deposition and substantial document production to occur just one day prior to the court-ordered cut-off for third party discovery, December 21, 2018.

L'Oreal attempted to force the consequences of its own delays in completing third party discovery on Cosway in the form of an absurdly short deadline to comply with onerous document requests and an utter disregard for the expense and disruption that L'Oreal's eleventh-hour scramble to complete discovery would impose on Cosway. Moreover, the District Court's scheduling order in the underlying action further reveals that third-party discovery closed on January 25, 2019. Although L'Oreal is no longer authorized to conduct third party discovery in the underlying action, it seeks to burden Cosway and this Court with this dispute.

## III. L'ORÉAL USA'S REQUEST TO TRANSFER

If this Court is not inclined to rule on L'Oréal USA's Motion, then L'Oréal USA requests that this Court transfer this matter to the District of Delaware. Under Rule 45(f), the Court "may transfer a motion under this rule to the issuing court . . . if the court finds exceptional circumstances." When, as here, "the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional

-4-

circumstances exist[,]" especially given the schedule in the Underlying Action. *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014). (*See* Murray Decl., Ex. K, ¶ 6 (holding that the information sought by L'Oréal USA is "relevant").) *See also 3B Med., Inc. v. Resmed Corp.*, No. 16-CV-2050-AJB-JMA, 2016 WL 6818953, at *3 (S.D. Cal. Oct. 11, 2016) (holding that a fast-approaching discovery deadline, coupled with the fact that the issuing court "has already ruled on discovery-related motions in this matter, including motions of third-party subpoenas[,]" create exceptional circumstances warranting a transfer); Fed. R. Civ. P. 45(f) advisory committee's note (transfer is warranted "in order to avoid disrupting the issuing court's management of the underlying litigation . . . .").

### IV.   COSWAY'S OBJECTION TO TO TRANSFER

The third-party discovery cut-off is not fast approaching in the underlying action; ***it has passed.***  Accordingly, the authorities cited by L'Oreal do not support transfer here where L'Oreal is solely responsible for its own failure to pursue third-party discovery in sufficient time to avail itself of this District's discovery dispute resolution procedures prior before the discovery cut-off.

Further, in addition to its eleventh-hour attempt to burden Cosway with an onerous deposition subpoena for the production of documents and for testimony, L'Oreal now seeks to burden Cosway with responding in a Court more than two thousand miles from its offices in Carson California at a time when L'Oreal's right to conduct third-party discovery has already expired by operation of that Court' scheduling order.  Cosway objects to such a transfer.

### V.   L'ORÉAL USA'S POSITION AS TO THE ISSUES IN DISPUTE

As a threshold matter, L'Oréal USA is entitled to all of the information it seeks, as Cosway never properly objected to the Subpoena, and thus waived all objections thereto. *See McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("Failure to serve timely objections waives all grounds for objection, including privilege . . . .") (citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d

1  Cir.1998)); *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998) (same)
2  (citing *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990)); *Poturich v. Allstate Ins. Co.*,
3  No. EDCV150081GWKKX, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015)
4  (ordering non-party, who failed to timely object to defendant's subpoena, to
5  produce all documents responsive thereto "without objections"); *A.M.J. v. Cty. of*
6  *Los Angeles*, No. EDCV151346-VAP-SPX, 2016 WL 11185268, at *2 (C.D. Cal.
7  Apr. 12, 2016) (granting motion to compel and holding that, "as County failed to
8  timely serve objection to plaintiffs' subpoena, County has waived all grounds for
9  objection, including privilege").

10       Cosway emailed objections to the Subpoena more than 14 days after it was
11 served with the same. (Murray Decl., Exs. D, F.) This response was both untimely,
12 *see* Fed. R. Civ. P. 42(d)(2)(B) (objections must be served 14 days after service of
13 subpoena) and improper, as L'Oréal USA had not previously agreed to service by
14 email. *See* Fed. R. Civ. P. 5(b)(2)(E) (requiring that parties consent to service by
15 email).

16       But even if Cosway had properly objected to the Subpoena, L'Oréal USA
17 still would be entitled to the documents and testimony sought therein. The court
18 overseeing the Underlying Action confirmed as much. (*See* Murray Decl., Ex. K, ¶
19 6.) As explained further below, the information L'Oréal USA seeks bears directly
20 on, at least, the invalidity and non-infringement defenses it has asserted in the
21 Underlying Action, and, as such, should be produced. *See* Fed. R. Civ. P. 26
22 ("Parties may obtain discovery regarding any nonprivileged matter that is relevant
23 to any party's claim or defense . . . ."); *Thomas-Byass v. Michael Kors Stores*
24 *(California), Inc.*, No. CV1500369-JGB-KKX, 2015 WL 5568609, at *2 (C.D. Cal.
25 Sept. 22, 2015) ("Relevancy should be 'construed liberally and with common sense
26 and discovery should be allowed unless the information sought has no conceivable
27 bearing on the case.'") (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.
28 Cal. 1995)).

-6-

Case No.: 2:19-mc-00015

JOINT STIP. RE. DEFS.'
MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA

Moreover, as noted above, L'Oréal USA reached out to Cosway multiple times to meet and confer regarding the Subpoena, in an effort to resolve these matters without having to resort to motion practice, but Cosway never responded. (*See* Murray Decl., Ex. M.)  For this reason and for the reasons explained below, this Court should compel Cosway's compliance with the Subpoena.

### A. Cosway Should Produce Documents and Provide Testimony Regarding the Composition of the Olaplex Products and Its Communications Regarding the Same.

Cosway should be compelled to comply with Topic No. 1 and Request for Production No. 1, both of which seek information pertaining to its communications with Olaplex and third parties regarding the Olaplex Products:

TOPIC NO. 1:

Your Communications with Plaintiffs or any other Person, including Gelest, Inc., Concerning the Olaplex Products.

OBJECTIONS TO TOPIC NO. 1:

Cosway objects to this Topic to the extent that it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Cosway further objects to this Topic to the extent that it seeks Cosway's information protected by the attorney-client privilege and/or attorney work product doctrine. Cosway further objects to this Topic to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Cosway further objects to this Topic on the grounds that it seeks Cosway's confidential commercial, financial, and/or proprietary business information. Cosway objects to this Topic as overbroad as to scope and time, unduly burdensome, irrelevant, and not proportional to the needs of this case including through its call for all "Communications with Plaintiffs or any other person…concerning Olaplex Products," which is completely unfettered from time or scope and could require someone to speak to hundreds of thousands of communications over many years.

REQUEST FOR PRODUCTION NO. 1:

All Communications with Plaintiffs or any other Person, including Gelest, Inc., Concerning the Olaplex Products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Cosway objects to this Request to the extent that it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Cosway further objects to this Request to the extent that it seeks Cosway's information protected by the attorney-client privilege and/or attorney work product doctrine. Cosway further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Cosway further objects to this Request on the grounds that it seeks Cosway's confidential commercial, financial, and/or proprietary business information. Cosway objects to this Request as overbroad as to scope and time, unduly burdensome, irrelevant, and not proportional to the needs of this case including through its call for all "Communications with Plaintiffs or any other person…Concerning the Olaplex Products," which is completely unfettered from time or scope.

Cosway's responses to both requests will bear on L'Oréal USA's defenses. For instance, Cosway's communications with Gelest, Inc., a manufacturer of some of the ingredients of the Olaplex products, would elucidate the creation and composition of the Olaplex Products. (*See* Murray Decl., Ex. B at 62:25-63:3; (co-inventor Eric Pressly testifying that Gelest makes the active ingredients that are used in the Olaplex Products).) The ingredients and composition of the Olaplex Products, whether they have changed over time, how they have changed over time, and the persons privy to this information, are all relevant to issues of invalidity, including prior use. *See, e.g.*, *Charles Jacquin Et Cie Inc. v. Destileria Serralles, Inc., Crown Mktg. Int'l, Howrene Wine & Spirit Inc.*, No. CIV. 88-3040, 1989 WL 63184, at *3 (E.D. Pa. June 7, 1989) ("Evidence of prior use by a third party might be directly relevant to specific defenses."). They are also relevant to the scope of the Asserted Patents and infringement.

Cosway's boilerplate objections to either request, which should be ignored, as they were not timely or properly served on L'Oréal USA, are, in any event, baseless. The information sought by these requests is plainly relevant. Moreover,

Cosway's overly broad objection is untenable, as these requests do not seek privileged information, but only information related to the Olaplex Products, which Olaplex has already testified would be in Cosway's possession. (*See* Murray Decl., Ex. A at 14:21-15:17, Ex. B at 65:4-12, 109:1-6, Ex. C at 12.) To the extent Cosway objects on confidentiality grounds, these concerns are mooted by the Stipulated Protective Order governing the Underlying Action. (Underlying Action, D.I. 54, ¶¶ 2, 9 ("Protected Material disclosed by . . . a third party . . . pursuant to discovery in this action, . . . shall be used solely for purposes of this action and not for any other purpose . . . .").)

Cosway also should be compelled to produce documents and provide testimony responsive to Topic No. 2 and Request for Production No. 2, which seek information "[c]oncerning any mixing, creation, manufacture, packaging, and use of the Olaplex Products by [Cosway] or anyone on [its] behalf, and the ingredients, composition, chemicals, and formulas that [it] ha[s] created, received, or used Concerning the Olaplex Products," and Topic No. 5 and Request for Production No. 5, which seek the identity of persons to who Cosway distributed the Olaplex Products. As explained above, this information is, for example, plainly relevant to L'Oréal USA's invalidity defense, as it bears on prior use of the Olaplex Products. Cosway's untimely and boilerplate objections to these requests should be overruled:

> TOPIC NO. 2:
>
> The Olaplex Products, including any mixing, creation, manufacture, packaging, and use of the Olaplex Products by You or anyone on Your behalf, and the ingredients, composition, chemicals, and formulations Concerning the Olaplex Products, including formulas that You have created, received, or used Concerning the Olaplex Products.
>
> OBJECTIONS TO TOPIC NO. 2:
>
> Cosway objects to this Topic to the extent that it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Cosway further objects to this Topic to the extent that it seeks information protected by the attorney-client

privilege and/or attorney work product doctrine. Cosway further objects to this Topic to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Cosway further objects to this Topic on the grounds that it seeks Cosway's confidential commercial, financial, and/or proprietary business information. Cosway objects to this Topic as overbroad as to scope and time, unduly burdensome, irrelevant, and not proportional to the needs of this.

REQUEST FOR PRODUCTION NO. 2:

All Documents, Communications, and Things Concerning the Olaplex Products, including all Documents, Communications, and Things Concerning any mixing, creation, manufacture, packaging, and use of the Olaplex Products by You or anyone on Your behalf, and the ingredients, composition, chemicals, and formulations Concerning the Olaplex Products, including formulas that You have created, received, or used Concerning the Olaplex Products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Cosway objects to this Request to the extent that it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Cosway further objects to this Request to the extent that it seeks Cosway's information protected by the attorney-client privilege and/or attorney work product doctrine. Cosway further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Cosway further objects to this Request on the grounds that it seeks Cosway's confidential commercial, financial, and/or proprietary business information. Cosway objects to this Request as overbroad as to scope and time, unduly burdensome, irrelevant, and not proportional to the needs of this case including through its call for all "Documents, Communications, and Things Concerning the Olaplex Products," which is completely unfettered from time or scope and will unreasonably burden non-party Cosway Company Inc.

TOPIC NO. 5:

Shipping. Delivery, or other distribution of any Olaplex Products by You, or on Your behalf, to any Person(s), including the identity of such Person(s), the reasons for such shipping, delivery, or other distribution, and any

invoices provided to, and payments received from, any Person(s) Concerning such shipping, delivery, or other distribution of such Olaplex Products.

OBJECTIONS TO TOPIC NO. 5:

Cosway objects to this Topic to the extent that it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Cosway further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Cosway further objects to this Topic to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Cosway further objects to this Topic on the grounds that it seeks Cosway's confidential commercial, financial, and/or proprietary business information. Cosway objects to this Topic as overbroad as to scope and time, unduly burdensome, irrelevant, and not proportional to the needs of this case.

REQUEST FOR PRODUCTION NO. 5:

All Documents, Communications, and Things Concerning any shipping, delivery, or other distribution of any Olaplex Products by You, or on Your behalf, to any Person(s) including Documents, Communications, and Things that identify such Person(s), and any invoices provided to, and payments received from, any Person(s) Concerning such shipping, delivery, or other distribution of such Olaplex Products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Cosway objects to this Request to the extent that it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Cosway further objects to this Request to the extent that it seeks Cosway's information protected by the attorney-client privilege and/or attorney work product doctrine. Cosway further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Cosway further objects to this Request on the grounds that it seeks Cosway's confidential commercial, financial, and/or proprietary business information. Cosway objects to this Request as overbroad as to scope and time, unduly burdensome, irrelevant, and not proportional to the needs of this case.

**B.     Cosway Should Produce Documents and Testimony Regarding Invoices and Payments Relating to the Olaplex Products.**

Cosway should be compelled to comply with Topic Nos. 3 and 4, and Request for Production Nos. 3 and 4, which seek information relating to invoices and payments regarding the Olaplex Products:

TOPIC NO. 3:

Invoices that You have issued to Plaintiffs, and payments that You have received from Plaintiffs' behalf, Concerning the Olaplex Products.

OBJECTIONS TO TOPIC NO. 3:

Cosway objects to this Topic to the extent that it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Cosway further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Cosway further objects to this Topic to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Cosway further objects to this Topic on the grounds that it seeks Cosway's confidential commercial, financial, and/or proprietary business information. Cosway objects to this Topic as overbroad as to scope and time, unduly burdensome, irrelevant, and not proportional to the needs of this case including through its call for all invoices and payments concerning Olaplex, which is completely unfettered from time.

TOPIC NO. 4:

Invoices that You have issued to any Person other than Plaintiffs, and payments that You have received from such Person(s), Concerning the Olaplex Products.

OBJECTIONS TO TOPIC NO. 4:

Cosway objects to this Topic to the extent that it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Cosway further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Cosway further objects to this Topic to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or

common law rights to personal privacy and confidentiality. Cosway further objects to this Topic on the grounds that it seeks Cosway's confidential commercial, financial, and/or proprietary business information. Cosway objects to this Topic as overbroad as to scope and time, unduly burdensome, irrelevant, and not proportional to the needs of this case.

REQUEST FOR PRODUCTION NO. 3:

All invoices that You have issued to Plaintiffs, and payments that You have received from Plaintiffs or anyone on Plaintiffs' behalf, Concerning the Olaplex Products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Cosway objects to this Request to the extent that it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Cosway further objects to this Request to the extent that it seeks Cosway's information protected by the attorney-client privilege and/or attorney work product doctrine. Cosway further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Cosway further objects to this Request on the grounds that it seeks Cosway's confidential commercial, financial, and/or proprietary business information. Cosway objects to this Request as overbroad as to scope and time, unduly burdensome, irrelevant, and not proportional to the needs of this case.

REQUEST FOR PRODUCTION NO. 4:

All invoices that You have issued to any Person other than Plaintiffs, and payments that You have received from such Person(s), Concerning the Olaplex Products.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Cosway objects to this Request to the extent that it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. Cosway further objects to this Request to the extent that it seeks Cosway's information protected by the attorney-client privilege and/or attorney work product doctrine. Cosway further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Cosway further objects to this Request on

the grounds that it seeks Cosway's confidential commercial, financial, and/or proprietary business information. Cosway objects to this Request as overbroad as to scope and time, unduly burdensome, irrelevant, and not proportional to the needs of this case.

The invoices at issue would identify the ingredients of the Olaplex Products from the first instance that Cosway began working with Olaplex. But, beyond that, they would also illuminate the nature of work Cosway performed for Olaplex. This would help explain the extent of Cosway's involvement with respect to the formulation of the Olaplex Products. Again, all of this information is relevant to invalidity, including prior use, and scope of the Asserted Patents and infringement.

Cosway asserts inapplicable boilerplate objections to these requests, which should be overruled. *See Brill v. Napolitano*, No. CV 09-0421-PSG(RCX), 2010 WL 11512400, at *2 (C.D. Cal. May 12, 2010) (overruling "unexplained and unsupported boilerplate objections" to discovery requests as "improper"); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."). The information sought is plainly relevant, and the documents and testimony requested are narrowly tailored. Moreover, Cosway's confidentiality concerns are mooted by the Stipulated Protective Order governing the Underlying Action.

**VI.    COSWAY'S POSITION AS TO THE ISSUES IN DISPUTE**

    **A.    The Court May Consider Cosway's Objections**

Courts may excuse untimely objections in certain circumstances. This includes circumstances where the subpoena is overbroad on its face, imposes a significant burden on a non-party witness, or sets a return date that does not allow for sufficient time for compliance. (*See Semtek Intern., Inc. v. Merkuriy Ltd.*, No. 3607, 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996).)

Here, L'Oreal set a deposition subpoena including a sweeping document production request on seventeen days' notice, without consulting Cosway or its counsel regarding their availability on the noticed date, and with utter disregard for the burden the subpoena would impose on Cosway. Cosway submits that the Court will be well within its authority to consider Cosway's objections despite the three-day delay in timely serving the objections which L'Oreal concedes it received.

### B. L'Oreal Has Not Demonstrated That the Requested Documents Are Sufficiently Relevant to Justify the Burden to Cosway.

L'Oreal's Document Request No. 3 demands that Cosway produce all of the invoices it has issued to Olaplex and payments received from Olaplex. Document Request No. 4 seeks production of invoices Cosway issued to others and payments received from such persons. L'Oreal asserts that "[t]he invoices at issue would identify the ingredients of the Olaplex Products from the first instance that Cosway began working with Olaplex. But L'Oreal offers no evidence or explanation for this bare assertion.

### C. The Court Should Shift the Cost of Compliance to L'Oreal.

In those circumstances where the court may quash or modify a subpoena, the court can instead shift the cost of compliance to the issuing party (FRCP 45(d)(3)(C)). In deciding whether to shift the cost of compliance to the party seeking discovery, courts typically consider the non-party's interest in the outcome of the case, the non-party's ability to bear the costs (as compared to the requesting party's) and whether the litigation is of public importance. (See *Miller v. Allstate Fire & Cas. Ins. Co.*, No. 07-cv-0260, 2009 WL 700142, at, at *5.)

Although Cosway has not moved to quash the subpoena in issue here, it respectfully requests that the Court shift the cost of compliance with the subpoena to L'Oreal. Cosway is a has no stake in this litigation and is a California based manufacturer. L'Oreal, on the other hand, is a subsidiary of L'Oreal, S.A., a worldwide enterprise with resources that dwarf those of Cosway. Under these

circumstances, and if the Court compels Cosway's compliance with the disputed subpoena, Cosway respectfully submits that L'Oreal should bear the costs of Cosway's expense of compliance in view L'Oreal's vast resources in comparison with Cosway, and Cosway's status as a bystander to this dispute.

DATED: January __, 2019

PAUL HASTINGS LLP

By: _____/s/_____
Katherine F. Murray

Attorneys for Defendants
L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC. and REDKEN 5TH AVENUE NYC, LLC

DATED: January 29, 2019

KRIEGER & KRIEGER, A LAW CORPORATION

By: _____
Lawrence R. Cagney

Attorneys for Cosway Co.