LAWRENCE R. CAGNEY, Bar No. 141845
LRC@KriegerLaw.com
ROBERT R. VORHEES, Bar No. 297936
RRV@KriegerLaw.com
KRIEGER & KRIEGER, A Law Corporation
249 E. OCEAN BOULEVARD, SUITE 750
LONG BEACH, CALIFORNIA 90802
Tel: (562) 901-2500 Fax: (562) 901-2522

*Attorneys for Nonparty Cosway Co.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENAS *DUCES TECUM* AND TO TESTIFY AT <u>DEPOSITION TO COSWAY CO.</u><br><br>LIQWD, INC. and OLAPLEX LLC,<br><br>       Plaintiffs,<br><br>       v.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC., and REDKEN 5th AVENUE NYC, LLC,<br><br>       Defendants. | CASE NO. 2:19-mc-00015-GW (PJWx)<br><br>**[DISCOVERY MATTER]**<br><br>**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO L'OREAL'S MOTION TO COMPEL NONPARTY COSWAY CO.**<br><br>Hearing Date: Feb. 28, 2019<br>Hearing Time: 1:30 p.m.<br>Department: 790<br>Judge: Hon. Patrick J. Walsh |

Pursuant to L.R. 37-2.3, Nonparty Cosway Co. ("Cosway") hereby submits its Supplemental Memorandum in Opposition to Defendant L'Oréal USA, Inc.'s ("L'Oréal") Motion to Compel Compliance with its Subpoena *Duces Tecum* and to Testify at Deposition (Dkt. No. 1).

## I. PRELIMINARY STATEMENT

Nonparty Cosway is a personal care and cosmetic manufacturing facility located in Carson, California. Cosway has numerous partner brands and offers each a full-service network that includes manufacturing, packaging and other services. Plaintiffs in the underlying litigation against L'Oréal, Liqwd, Inc. and Olaplex LLC (collectively, "Olaplex"), are one of Cosway's many clients.

Cosway understands that the underlying litigation between Olaplex and L'Oréal has been pending since January 2017 in the District of Delaware (Case No. 17-cv-00014-JFB-SRF). During the past 24 months, Cosway understands that the underlying parties have taken extensive discovery, including almost 50 depositions of party and nonparty witnesses. Moreover, Cosway understands that Olaplex has already produced to L'Oréal hundreds of documents relating to Cosway (amounting to thousands of pages), including communications between Cosway and Olaplex regarding Olaplex's products. Nevertheless, L'Oréal continues to demand absolute compliance with its overly burdensome subpoena *duces tecum* and request for deposition (the "Subpoena") notwithstanding its possession of relevant documents and its own significant delays in seeking the requested discovery. Indeed, L'Oréal served the Subpoena less than ***three weeks*** before the close of fact discovery in the underlying case. Setting aside the irrelevance and duplicative demands in the Subpoena, L'Oréal ignores the unavoidable fact that the underlying parties' discovery window has long closed and it no longer has any authority to seek the instant discovery. Cosway understands that the District Court for the District of Delaware considered L'Oréal's request for a second reopen third party discovery in the underlying matter and declined that request on February 14, 2019.

In addition, L'Oréal has not (and cannot) establish that the requested discovery—including what Olaplex has already produced—is relevant to the underlying litigation, let alone proportional, not duplicative, cumulative, or unavailable in less burdensome ways.  L'Oréal has not justified its decision to burden nonparty Cosway with its overbroad requests and has failed in its mandatory Rule 45 duty to protect nonparties from undue burden and expense.  Cosway should not be required to comply with the Subpoena for all the reasons set forth in the parties' Joint Stipulation (Dkt. No. 3), Cosway's original objections, and all reasons set forth herein.

## II.    ARGUMENT

L'Oréal has known about Cosway's business relationship with Olaplex since at least May 2015.  Despite this, however, L'Oréal waited until the eleventh hour to serve its Subpoena on Cosway in December 2018—approximately two years after the underlying litigation had begun, and only in the final weeks of fact discovery.  Indeed, L'Oréal served a deposition subpoena, including sweeping document demands, on Cosway just *two weeks* prior to the noticed December 20, 2018 deposition, which was *just one day* prior to the close of fact discovery.  After service of the Subpoena, L'Oréal did not consult with Cosway, or its counsel, regarding their availability to attend such a last-minute deposition, or Cosway's ability to comply with L'Oreal's extensive document demands under such short notice.  If fact, L'Oréal did nothing to confirm Cosway's availability and knew Cosway did not plan to appear.[1]

L'Oreal's attempts to force the consequences of its own delays on innocent nonparties, including Cosway, should be rejected.  Having had months, if not years, to serve its Subpoena, L'Oréal waited until the last minute, and worse, demanded

---

[1] Cosway understands that L'Oréal moved forward with the December 30, 2018 deposition, and tellingly, did not reserve a videographer as it had for other depositions, making clear that L'Oréal knew nonparty Cosway was not attending.

strict compliance with its absurdly short deadlines.  This Court should not countenance such tactics.

### A. The Requested Discovery is Not Relevant and Duplicative

L'Oréal brazenly claims that "[t]he District of Delaware has already determined that the information sought in the Subpoena is relevant." Dkt. No. 3 at 1.  Not so.  L'Oréal makes this identical claim in each of its pending motions before this Court.  *See* Dkt. Nos. 5-1 at 1, 6-1 at 1, 7-1 at 1.  L'Oréal makes these claims despite the fact that the Delaware court has never received, let alone reviewed, a copy of Cosway's Subpoena (or the other subpoenas at issue before this Court). Despite its affirmative duty to articulate how the requested discovery is relevant to the claims or defenses in the underlying case, L'Oréal fails to make that showing. *See* Fed. R. Civ. P. 26(b)(1); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (finding that although relevance under Rule 26 is not listed as a consideration in Rule 45, "courts have incorporated relevance as a factor when determining motions to quash a subpoena.").  In fact, beyond conclusory allegations that "the information [it] seeks bears directly on, at least, the invalidity and non-infringement defenses it has asserted in the Underlying Action," L'Oréal does not explain any nexus between this purported need and nonparty Cosway, nor does a review of L'Oreal's recently filed Answer and Counterclaims provide one.  For example, L'Oreal's motion claims that "[t]he ingredients and composition of the **Olaplex Products** . . . are all relevant to issues of invalidity," Dkt. No. 3 at 8 (emphasis added)  However, the underlying case is about **L'Oreal's products**—not Olaplex's.  Moreover, L'Oréal is well aware that nonparty Gelest, which L'Oréal has already subpoenaed and obtained documents from, is Olaplex's manufacturer for the Step 1 product—not Cosway.  While Cosway manufactures other products for Olaplex, its primary task is bottling and packaging Olaplex's products for distribution.

In addition, the bulk of L'Oréal's document requests are duplicative of discovery already obtained (or obtainable) from Olaplex—a party to the underlying litigation.  *See* Fed. R. Civ. P. 26(b)(2)(C) (Courts should limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.").  Cosway understands that Olaplex has already provided over 500 documents involving Cosway, primarily comprised of correspondence between Olaplex and Cosway, which amounts to several thousand pages.  Among these documents are apparently invoices, delivery specifications, and the other information called for by the instant Subpoena.  Notwithstanding the disconnect between the requested discovery and the underlying litigation, Cosway understands that L'Oréal has already obtained these documents from Olaplex and other entities, including Olaplex's manufacturer, Gelest.  Accordingly, this Court should deny L'Oreal's duplicative demands.

B. <u>The Requested Discovery is Unduly Burdensome and Not Proportional to the Needs of the Case</u>

While the requested discovery is irrelevant and duplicative of evidence already obtained by L'Oréal, it is nevertheless not proportional to the needs of the case when "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b).  Although L'Oreal's Motion ignores these factors, a cursory review of each unequivocally demonstrates that L'Oreal's requested discovery is not proportional to the needs of the underlying case.

First, as noted above, the "ingredients and composition" of the Olaplex products is not important to in the underlying action, which is exclusively focused on L'Oreal's accused products and Olaplex's patents—not Olaplex's products.  In

any event, Cosway understands that Olaplex's manufacturer for the Step 1 product, Gelest, has already provided responsive documents to this request. The next factor analyzes the parties' relative access to relevant information. Here, the parties in the underlying litigation have far more immediate access to the requested information, and in fact, hundreds of documents relating to Cosway have already been produced by Olaplex, an underlying party in the litigation. Accordingly, this factor weighs in favor of denial. The parties' resources is the third factor under Rule 26(b) and likewise heavily weighs in favor of nonparty Cosway. Cosway is, by comparison to L'Oréal, a small company operating in Carson, California. L'Oréal on the other hand is a multi-billion-dollar global conglomerate with virtually limitless resources. As a resourceful party to the litigation with proven means of obtaining the requested discovery elsewhere, this factor weighs in favor of nonparty Cosway and denial of L'Oreal's motion. The next factor considers whether the requested discovery will have any effect on resolving the issues in the underlying litigation. Here, the requested discovery (*e.g.*, Cosway's invoices and Olaplex's ingredients and composition) has nothing to do with L'Oreal's infringement of Olaplex's patents, and thus, will not resolve the underlying case. Accordingly, this factor too weighs in favor of denying L'Oreal's motion.

Last, any arbitrary benefit from the requested discovery does not outweigh the burden and expense on nonparty Cosway. Cosway has already incurred thousands of dollars in attorneys' fees and costs in responding and defending itself against L'Oréal's Subpoena. L'Oréal has never attempted to limit the burden of its Subpoena on nonparty Cosway. The burden of the Subpoena on Cosway, a relatively small company with no involvement in the underlying litigation, far outweighs any likely benefit to L'Oréal. Accordingly, as all the Rule 26(b) factors weigh in favor of nonparty Cosway, this Court should deny L'Oreal's motion.

## III. CONCLUSION

For the foregoing reasons, this Court should deny L'Oreal's Motion to Compel (Dkt. No. 1).

Date: February 14, 2019

By: /s/
LAWRENCE R. CAGNEY
ROBERT R. VORHEES
KRIEGER & KRIEGER, A Law Corporation Attorneys for Non-Party COSWAY COMPANY, INC.