1  DENNIS S. ELLIS (SB# 178196)
   dennisellis@paulhastings.com
2  KATHERINE F. MURRAY (SB# 211987)
   katherinemurray@paulhastings.com
3  SERLI POLATOGLU (SB# 311021)
   serlipolatoglu@paulhastings.com
4  PAUL HASTINGS LLP
   515 South Flower Street
5  Twenty-Fifth Floor
   Los Angeles, California  90071-2228
6  Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
7
   Attorneys for Defendants L'ORÉAL USA,
8  INC., L'ORÉAL USA PRODUCTS, INC.,
   L'ORÉAL USA S/D, INC. and REDKEN 5TH
9  AVENUE NYC, LLC

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  IN RE SUBPOENAS *DUCES TECUM*          CASE NO. 2:19-mc-00015
    AND TO TESTIFY AT DEPOSITION
14  TO COSWAY CO.                          Underlying Litigation
                                           Civil Action No. 17-14-JFB-SRF
15  _____   United States District Court
                                           District of Delaware
16  LIQWD, INC. and OLAPLEX LLC,
                                           Third-Party Discovery Cutoff:
17            Plaintiffs,                   January 25, 2019
                                           Pretrial Conference:  June 4, 2019
18        vs.                              Trial:  July 29, 2019

19  L'ORÉAL USA, INC., L'ORÉAL USA         **[DISCOVERY MATTER]**
    PRODUCTS, INC., L'ORÉAL USA
20  S/D, INC. and REDKEN 5TH AVENUE        **SUPPLEMENTAL**
    NYC, LLC,                              **MEMORANDUM IN SUPPORT**
21                                         **OF DEFENDANTS' MOTION TO**
              Defendants.                  **COMPEL NON-PARTY**
22                                         **COSWAY CO. TO COMPLY**
                                           **WITH SUBPOENA *DUCES***
23                                         ***TECUM* AND TO TESTIFY AT**
                                           **DEPOSITION**
24
                                           Date:      February 28, 2019
25                                         Time:      1:30 p.m.
                                           Dept.:     790
26                                         Judge:     Hon. Patrick J. Walsh
27
                                           [Declaration of Serli Polatoglu filed
28                                         and served concurrently herewith]

1    L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and

2    Redken 5th Avenue NYC, LLC (together, "L'Oréal USA") submit this

3    supplemental memorandum to briefly address some of the arguments raised by

4    Cosway Co. ("Cosway") in the Joint Stipulation regarding L'Oréal USA's Motion

5    to Compel Cosway to Comply with Subpoena *Duces Tecum* and to Testify at

6    Deposition (the "Subpoena").  None of Cosway's arguments excuse its failure to

7    comply with the Subpoena served by L'Oréal USA in *Liqwd, Inc. v. L'Oréal USA,*

8    *Inc.*, Civil Action No. 17-14-JFB-SRF (the "Underlying Action") on December 3,

9    2018—*over three months ago*.[1]  As such, Cosway should be ordered to promptly

10   comply with the Subpoena.

11   L'Oréal USA has been forced to file several motions to compel against third

12   parties affiliated with Plaintiffs Liqwd, Inc. and Olaplex LLC (together, "Olaplex"),

13   who have refused to comply with subpoenas.  In particular, Cosway manufactures

14   products for Olaplex.  L'Oréal USA seeks information from Cosway regarding the

15   composition of Olaplex's products, as this information bears on L'Oréal USA's

16   defenses to Olaplex's patent infringement claims.  (*See* Dkt. No. 3 at 6.)

17   Cosway refused to initially respond to the Subpoena, and now takes the

18   position that it need not comply because L'Oréal USA is "no longer authorized to

19   conduct third party discovery in the underlying action."  (Dkt. No. 3 at 4.)  Even

20   further, in its Supplemental Memorandum filed today Cosway states: "Cosway

21   understands that the District Court for the District of Delaware considered

---

[1] Cosway's assertion that L'Oréal USA is at fault for serving the Subpoena "just
seventeen days prior to the noticed December 20, 2018" date is unavailing.  L'Oréal
USA's service of the Subpoena was timely under both the Scheduling Order
governing the Underlying Action and the Federal Rules of Civil Procedure.  (Dkt.
No. 3-1, Ex. A, ¶ 3.)  If Cosway felt it was not accorded adequate time to comply
with the Subpoena, it should have moved to quash the same.  Fed. R. Civ. P.
45(d)(3).  By failing to do so, it has waived this argument.  In any event, Cosway
has had over three months to comply with the Subpoena, and has still refused to do
so.

L'ORÉAL USA'S SUPP. MEMO.
I.S.O. MOT. TO COMPEL COSWAY'S
COMPLIANCE WITH SUBPOENA

L'Oréal's request for a second reopen [sic] third party discovery in the underlying matter and declined that request on February 14, 2019." (Dkt. No. 27 at 1.) Cosway is seriously misinformed.

On December 12, 2018, the Court suggested that it would be willing to extend the third party discovery deadline if third parties were relying on the deadline to not comply. (*See* Declaration of Serli Polatoglu ("Polatoglu Decl.") filed concurrently herewith, Ex. A at 164:19-166:15 (holding that, because certain third-party witnesses were "rely[ing] on the discovery cut-off as a sword[,] . . . it would be quite appropriate for the Court to issue an order extending the discovery cut-off to get those witness in").) Then, on January 14, 2019, the Court extended the third-party discovery deadline from December 21, 2018 to January 25, 2019. (Dkt. No. 3-1, Ex. K.)

Then, just today, the Court made clear that any subpoenas served prior to the original discovery cutoff date of December 21, 2018 could be enforced by the courts in which the third parties reside, notwithstanding the discovery cutoff date. In particular, during a discovery teleconference held in the Underlying Action, L'Oréal USA informed the Court that it was not seeking to extend any discovery deadlines any further, but that certain third parties have objected to discovery on the grounds that the discovery cut-off had passed. (*See* Polatoglu Decl., ¶ 4.) The Court made clear that, if a subpoena was served prior to the original discovery cut-off date (December 21, 2018), then those third parties must comply with any discovery order relating to that subpoena. (*Id.*) As an example, the Court referenced the fact that the Northern District of Illinois just opened discovery for the limited purpose of allowing L'Oréal USA to depose a third party, Vicki Laris, who had similarly objected to her deposition on grounds that the discovery cutoff had lapsed. (*See* Polatoglu Decl., ¶ 4 and Ex. C at 6:9-15). It is not true that the Court denied a "request for a second reopen [sic] third party discovery" (Dkt. No. 27 at 1), as no such request was ever made. Rather, the Court encouraged L'Oréal

L'ORÉAL USA'S SUPP. MEMO.
I.S.O. MOT. TO COMPEL COSWAY'S
COMPLIANCE WITH SUBPOENA

USA to pursue discovery of the third parties through the appropriate courts, and urged the parties to attempt to resolve third party discovery issues informally. (*See* Polatoglu Decl., ¶ 4.) Unfortunately, Olaplex has refused to cooperate in this regard, and instead has provided misinformation to Cosway in its attempt to block this discovery at any cost. (*Id.*) Cosway was served with the subpoena on December 3, 2018, well before the discovery cut-off. As one court has already done (Polatoglu Decl., Ex. B), and as the court in the Underlying Action expressed, this Court can issue an order opening discovery for the limited purpose of having Cosway comply with the Subpoena.

Such an order is warranted here. Cosway concedes that it did not timely serve its objections to the Subpoena, but asserts that this Court should consider them anyway, contending that it did not have sufficient time to comply with the Subpoena, and that the Subpoena was overbroad and unduly burdensome. (Dkt. No. 3 at 15.) But Cosway has not articulated any undue burden imposed by the Subpoena. Moreover, the requests and topics identified therein are narrowly tailored, and L'Oréal USA accorded Cosway sufficient time to comply with the Subpoena under the Federal Rules, as it set the compliance date for the subpoena as December 20, 2018. *See* Fed. R. Civ. P. 45. The mere fact that a subpoena imposes a burden on a third party does not excuse non-compliance. The relevant inquiry is not whether discovery will impose a burden, but whether it imposes an undue burden. Fed. R. Civ. P. 45(d)(1). As the Northern District of Illinois explained when it ordered Ms. Laris to comply with her subpoena:

> Compliance with discovery is a nuisance. I agree. And it's complicated. And when you're a third party, it just seems like it's not fair. **But the rule of law is really important in the United States,** and it's really important to me. **And that means that, even though it's inconvenient or difficult or annoying, when you get a subpoena or your testimony is necessary for due process, you cooperate** because we live in a free society because we all comply with the rules.

L'ORÉAL USA'S SUPP. MEMO.
I.S.O. MOT. TO COMPEL COSWAY'S
COMPLIANCE WITH SUBPOENA

1    (Polatoglu Decl., Ex. C at 5:24-6:8 (emphasis added).)

2        Cosway also maintains that Request for Production Nos. 3 and 4, which seek

3    all invoices in Cosway's possession relating to the Olaplex Products (*see* Dkt. No. 3

4    at 13), are improper, because L'Oréal USA has "offer[ed] no evidence or

5    explanation" to support its contention that those invoices would identify the

6    ingredients of the Olaplex Products.  (*Id.*)  Had Cosway made any effort to discuss

7    the Subpoena with L'Oréal USA rather than just ignore it, L'Oréal USA would

8    have explained that invoices produced by another manufacturer of the Olaplex

9    products, Gelest, Inc., identifies certain ingredients in the Olaplex products.  To the

10   extent Cosway sources ingredients from other vendors for the Olaplex products,

11   invoices from those vendors would identify these ingredients.  Moreover, in

12   arguing that it does not have any relevant information because it does not

13   manufacture the Olaplex No. 1 product (Dkt. No. 27 at 3), Cosway ignores the fact

14   that the Court in the Underlying Action recently granted Olaplex's Motion for

15   Leave to file a Third Amended Complaint, which added the Step 2 and Step 3

16   products to the case.  Cosway does not dispute that it manufactures the Step 2 and

17   Step 3 products for Olaplex, and Olaplex has made this representation as well.

18   (*See, e.g.*, Dkt. No. 3-1, Ex. B at 6:4-12.)  Moreover, Olaplex has conceded that

19   Cosway is involved in manufacturing its Step 1 product.  (*See* Dkt. No. 3-1, Ex. C

20   at 12.)  Cosway's work on the Olaplex products is relevant to L'Oréal USA's

21   defenses of noninfringement and invalidity, particularly because Olaplex has taken

22   the position that it does not know how its products are made.[2]  (*See, e.g.*, Dkt. No.

23   3-1, Ex. C at 12.)  In any event, this Court should not consider this argument, as

24   Cosway did not timely serve objections to the Subpoena, thereby waiving all

25   objections thereto.  *See McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal.

26

---

27   [2] As such, Cosway's argument that it should not have to comply with the Subpoena
     because Olaplex has already produced relevant information is unavailing.  (*See* Dkt.
28   No. 27 at 4.)

L'ORÉAL USA'S SUPP. MEMO.
I.S.O. MOT. TO COMPEL COSWAY'S
COMPLIANCE WITH SUBPOENA

1  2002).

2        Finally, Cosway's request to shift the cost of compliance with the Subpoena

3  onto L'Oréal USA should be denied.  Cosway has not demonstrated an inability to

4  bear the costs associated with compliance of the Subpoena.  Its bare assertion that

5  L'Oréal USA should bear the costs of compliance because it is "a subsidiary of

6  L'Oréal S.A., a worldwide enterprise," is insufficient, and directly at odds with this

7  Court's mandatory duty to impose sanctions on Cosway for failing to make *any*

8  effort to comply with the Subpoena since its issuance over three months ago.  (D.I.

9  3 at 15.)  *See* Fed. R. Civ. P. 37(a)(5)(A).  As the Illinois court noted in granting a

10  similar motion yesterday, "the rule of law is really important in the United States"

11  and "when you get a subpoena or your testimony is necessary for due process, you

12  cooperate." (Polatoglu Decl., Ex. C a 6:2-8.)  This Court should order Cosway to

13  comply with the Subpoena promptly, and award L'Oréal USA $5,000, which is

14  only a portion of its fees and costs, for having to bring this motion.  (Polatoglu

15  Decl., ¶ 5.)

16

17  DATED:  February 14, 2019           PAUL HASTINGS LLP

18                                      By:              /s/

19                                            Katherine F. Murray

20                                      Attorneys for Defendants

21    L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA

22    S/D, INC. and REDKEN 5TH AVENUE NYC, LLC

23

24

25

26

27

28

Case No.: 2:19-mc-00015

L'ORÉAL USA'S SUPP. MEMO.
I.S.O. MOT. TO COMPEL COSWAY'S
COMPLIANCE WITH SUBPOENA