1   DENNIS S. ELLIS (SB# 178196)
    dennisellis@paulhastings.com
2   KATHERINE F. MURRAY (SB# 211987)
    katherinemurray@paulhastings.com
3   SERLI POLATOGLU (SB# 311021)
    serlipolatoglu@paulhastings.com
4   PAUL HASTINGS LLP
    515 South Flower Street
5   Twenty-Fifth Floor
    Los Angeles, California  90071-2228
6   Telephone:  1(213) 683-6000
    Facsimile:  1(213) 627-0705
7
    Attorneys for Defendants L'ORÉAL USA,
8   INC., L'ORÉAL USA PRODUCTS, INC.,
    L'ORÉAL USA S/D, INC. and REDKEN 5TH
9   AVENUE NYC, LLC

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  IN RE SUBPOENAS *DUCES TECUM*        CASE NO. 2:19-mc-00015-GW-PJWx
    AND TO TESTIFY AT DEPOSITION
14  TO SEMA CONDE                        Underlying Litigation
                                         Civil Action No. 17-14-JFB-SRF
15  ─────────────────────────────       United States Distr. Del.

16  LIQWD, INC. and OLAPLEX LLC,         Discovery cutoff: January 25, 2019
                                         Pretrial conference date:  June 4, 2019
17          Plaintiffs,                  Trial date:  July 29, 2019

18          vs.                          **[DISCOVERY MATTER]**

19  L'ORÉAL USA, INC., L'ORÉAL USA       **DEFENDANTS'**
    PRODUCTS, INC., L'ORÉAL USA          **SUPPLEMENTAL**
20  S/D, INC. and REDKEN 5TH AVENUE      **MEMORANDUM IN SUPPORT**
    NYC, LLC,                            **OF MOTION TO COMPEL NON-**
                                         **PARTY SEMA CONDE TO**
21          Defendants.                  **COMPLY WITH SUBPOENA**
                                         ***DUCES TECUM* AND TO**
22                                       **TESTIFY AT DEPOSITION**

23                                       Date:      February 28, 2019
                                         Time:      1:30 p.m.
24                                       Dept.:     790
                                         Judge:     Hon. Patrick J. Walsh
25
                                         [Declaration of Serli Polatoglu filed
26                                       and served concurrently herewith]

27

28
                                              DEFS.' SUPP. MEMO. I.S.O.
                                            MOT. TO COMPEL CONDE'S
                                         COMPLIANCE WITH SUBPOENA

1        L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and

2    Redken 5th Avenue NYC, LLC (together, "L'Oréal USA") submit this

3    supplemental memorandum to briefly address some of the arguments raised by

4    Sema Conde ("Conde") in the Joint Stipulation regarding L'Oréal USA's Motion to

5    Compel Conde to Comply with Subpoena *Duces Tecum* and to Testify at

6    Deposition (the "Subpoena").  None of Conde's arguments excuse her failure to

7    comply with the Subpoena, which was served on December 16, 2018.  As such,

8    Conde should be ordered to promptly comply with the Subpoena.

9        Conde's opposition to L'Oréal USA's Motion rests largely on assertions that

10   the information sought in the Subpoena is irrelevant.  This position is unsupported,

11   and gives short shrift to the determination made by the Court in the Underlying

12   Action, *Liqwd, Inc. v. L'Oréal USA, Inc.*, Civil Action No. 17-14-JFB-SRF, that

13   information sought from stylists who used Olaplex's products prior to their public

14   launch is relevant.  (*See* Dkt. No. 5-2, Ex. N, ¶ 6.)[1]  Conde is one of those stylists.

15   The Northern District of Illinois reached a similar conclusion when it recently

16   granted L'Oréal USA's Motion to Compel against a similarly situated stylist, Vicki

17   Laris.  (*See* Declaration of Serli Polatoglu ("Polatoglu Decl.") filed concurrently

18   herewith, Ex. A and Ex. B at 5:24-6:8.)  Conde's use of the Olaplex products

19   relates to issues of patent invalidity and to defenses to Olaplex's claims for trade

20   secret misappropriation.

21       Conde also asserts that she should not be ordered to comply with the

22   Subpoena because it is unduly burdensome.  This argument has little traction.

23   L'Oréal USA has done all it can to minimize the burden imposed on Conde.  It has

24   repeatedly explained that it does not expect her deposition to last a full day.  (*See,*

25   

26   

27   

28   

---

[1] The Court in the Underlying Action concluded as much after reviewing three rounds of briefing on this issue (*see* Dkt. No. 5-2, Exs. K-N), belying Conde's assertion that the court simply "accepted [L'Oréal USA's] conclusory general allegations that the stylists' testimony is 'plainly relevant' to their invalidity defenses."  (Dkt. No. 5-1 at 4.)

DEFS.' SUPP. MEMO. I.S.O.
MOT. TO COMPEL CONDE'S
COMPLIANCE WITH SUBPOENA

*e.g.*, Dkt. No. 5-2, Exs. C, G.)  It has further narrowed the already-targeted document requests in the Subpoena.  (Dkt. No. 5-1 at 21.)  All this notwithstanding, Conde has refused to produce a single document responsive to the Subpoena, or to appear for deposition.

While Conde suggests that some of the information requested in the Subpoena may also be in the possession of Plaintiffs in the Underlying Action, Liqwd, Inc. and Olaplex LLC (together, "Olaplex") (*see* Dkt. No. 5-1 at 43-45), L'Oréal USA has been hamstrung by Olaplex's refusal to produce the information. Moreover, a similar argument was rejected when it was raised by Ms. Laris in the Northern District of Illinois.  (*See* Polatoglu Decl., Ex. B at 5:18-20 (Court: "What would be L'Oréal's motivation to take a deposition only to collect information they have already got? What's their motivation?").)  L'Oréal USA seeks information regarding the prior use of Olaplex's products by the very person who engaged in that use, whose name has appeared in documents produced by Olaplex.[2]

Any small burden the Subpoena imposes on Conde does not excuse her refusal to comply.  Indeed, in her Objections to the Subpoena, Conde represented that she was unavailable for deposition in December, because December was the busiest time of the year for her business.  (Dkt. No. 5-2, Ex. I at 3.)  Conde makes no similar claims about her schedule at this time of year.  In any event, the standard is not whether discovery will impose a burden, but whether it imposes an undue burden.  Fed. R. Civ. P. 45(d)(1). As the Northern District of Illinois explained when it ordered Ms. Laris to comply with her subpoena:

---

[2] Conde's argument that documents responsive to Request for Production No. 2, which seeks "[a]ll Documents and Communications Concerning the Olaplex Products, including, but not limited to, Social Media Content, before January 2017," are equally available to L'Oréal USA, evinces a misunderstanding of the Request.  (Dkt. No. 5-1 at 21, 27.)  Many social media platforms, including Facebook and Instagram, maintain private groups or messaging features.  L'Oréal USA would not have access to any posts made by Conde in these private forums.

DEFS.' SUPP. MEMO. I.S.O.
MOT. TO COMPEL CONDE'S
COMPLIANCE WITH SUBPOENA

Compliance with discovery is a nuisance.  I agree.  And it's complicated.  And when you're a third party, it just seems like it's not fair.  **But the rule of law is really important in the United States**, and it's really important to me.  **And that means that, even though it's inconvenient or difficult or annoying, when you get a subpoena or your testimony is necessary for due process, you cooperate** because we live in a free society because we all comply with the rules.

(Polatoglu Decl., Ex. B at 5:24-6:8 (emphasis added).)

Finally, Conde's contention that L'Oréal USA's Motion is moot has been laid to rest by the District of Delaware.  (Dkt. No. 5-1 at 4, 6, 28.)  During a discovery teleconference held today in the Underlying Action, L'Oréal USA informed the Court that certain third parties (who are represented by counsel retained by Olaplex), have objected to discovery on the grounds that the third party discovery deadline has passed.  (*See* Polatoglu Decl., ¶ 3.)  The Court made clear that, if a subpoena was served prior to the original discovery cut-off date (December 21, 2018), then those third parties must comply with any discovery order relating to that subpoena.  (*Id*.)  As an example, the Court referenced the fact that the Northern District of Illinois just opened discovery for the limited purpose of Vicki Laris' deposition.  (*See* Polatoglu Decl., ¶ 3 and Ex. B at 6:9-15).  Conde was served with the subpoena on December 16, 2018, following numerous attempts by Conde to evade service.[3]  (Dkt. No. 5-2, Exs. D, H.)  As such, Conde's argument

_____

[3] As reflected in its Motion, L'Oréal USA had been attempting to serve Conde with the Subpoena for nearly one month before it successfully served her on December 16, 2018.  (*See* Dkt. No. 5-2, Ex. D (affidavit of due diligence stating that a process server first attempted to serve Conde on November 21, 2018).)  That is why the Subpoena set the date of compliance for December 11, 2018—a date L'Oréal USA made perfectly clear it was willing to change in order to accommodate Conde's schedule.  L'Oréal USA made eight unsuccessful attempts to serve Conde at her place of business before attempting to serve her at her residence.  (Dkt. No. 5-2, Ex. D.)  Contrary to her allegations, no process server who attempted to serve Conde carried a gun, nor did anyone attempt to serve Conde anywhere other than her place business or residence.  (Dkt. No. 5-1 at 40.)  Conde could have avoided all of this

DEFS.' SUPP. MEMO. I.S.O.
MOT. TO COMPEL CONDE'S
COMPLIANCE WITH SUBPOENA

1   that L'Oréal USA's Motion should be denied because the discovery cut-off has

2   lapsed is unpersuasive.

3         Conde has been avoiding her subpoena obligations for nearly three months.

4   She has conceded that she possesses information responsive to the Subpoena, but

5   refuses to produce the same.  (Dkt. No. 5-1 at 27.)  She should not be permitted

6   evade her discovery obligations any longer.  As the Illinois court noted in granting

7   a similar motion yesterday, "the rule of law is really important in the United States"

8   and "when you get a subpoena or your testimony is necessary for due process, you

9   cooperate."  (Polatoglu Decl., Ex. B a 6:2-8.)  This Court should order Conde to

10  comply with the Subpoena promptly, and award L'Oréal USA $2,500, which is

11  only a portion of its fees and costs, for having to bring this Motion.  (*See* Polatoglu

12  Decl., ¶ 4.)  Fed. R. Civ. P. 37(a)(5)(A).

13

14  DATED:  February 14, 2019                    PAUL HASTINGS LLP

15

16                                              By:_____/s/_____
                                                      Katherine F. Murray

17

18                                              Attorneys for Defendants
                                                L'ORÉAL USA, INC., L'ORÉAL USA
19                                              PRODUCTS, INC., L'ORÉAL USA
                                                S/D, INC. and REDKEN 5TH AVENUE
20                                              NYC, LLC.

21

22

23

24

25

26

27  by authorizing her attorney to accept service, as L'Oréal USA proposed, but Conde

28  refused.  Any delay here has been one of Conde's own making.

DEFS.' SUPP. MEMO. I.S.O.
MOT. TO COMPEL CONDE'S
COMPLIANCE WITH SUBPOENA