DENNIS S. ELLIS (SB# 178196)
dennisellis@paulhastings.com
KATHERINE F. MURRAY (SB# 211987)
katherinemurray@paulhastings.com
SERLI POLATOGLU (SB# 311021)
serlipolatoglu@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705

Attorneys for Defendants L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC. and REDKEN 5TH AVENUE NYC, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENAS *DUCES TECUM* AND TO TESTIFY AT DEPOSITION TO ESTHER VASQUEZ | CASE NO. 2:19-mc-00015-GW-PJWx<br><br>Underlying Litigation<br>Civil Action No. 17-14-JFB-SRF<br>United States Distr. Del.<br><br>Discovery cutoff: January 25, 2019<br>Pretrial conference date: June 4, 2019<br>Trial date: July 29, 2019 |
| LIQWD, INC. and OLAPLEX LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC. and REDKEN 5TH AVENUE NYC, LLC,<br><br>Defendants. | **[DISCOVERY MATTER]**<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL NON-PARTY ESTHER VASQUEZ TO COMPLY WITH SUBPOENA *DUCES TECUM* AND TO TESTIFY AT DEPOSITION**<br><br>Date: February 28, 2019<br>Time: 1:30 p.m.<br>Dept.: 790<br>Judge: Hon. Patrick J. Walsh<br><br>[Declaration of Serli Polatoglu filed and served concurrently herewith] |

L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC (together, "L'Oréal USA") submit this supplemental memorandum to briefly address some of the arguments raised by Esther Vasquez ("Vasquez") in the Joint Stipulation regarding L'Oréal USA's Motion to Compel Vasquez to Comply with Subpoena *Duces Tecum* and to Testify at Deposition (the "Subpoena"). None of Vasquez's arguments excuse her failure to comply with the Subpoena, which was served on November 24, 2018. As such, Vasquez should be ordered to promptly comply with the Subpoena.

Vasquez's opposition to L'Oréal USA's Motion rests largely on assertions that the information sought in the Subpoena is irrelevant. This position is unsupported, and gives short shrift to the determination made by the Court in the Underlying Action, *Liqwd, Inc. v. L'Oréal USA, Inc.*, Civil Action No. 17-14-JFB-SRF, that information sought from stylists who used Olaplex's products prior to their public launch is relevant. (*See* Dkt. No. 6-2, Ex. M, ¶ 6.)[1] Vasquez is one of those stylists. The Northern District of Illinois reached a similar conclusion when it recently granted L'Oréal USA's Motion to Compel against a similarly situated stylist, Vicki Laris. (*See* Declaration of Serli Polatoglu ("Polatoglu Decl.") filed concurrently herewith, Ex. A and Ex. B at 5:24-6:8.) Vasquez's use of the Olaplex products relates to issues of patent invalidity and to defenses to Olaplex's claims for trade secret misappropriation.

Vasquez also asserts that she should not be ordered to comply with the Subpoena because it is unduly burdensome. This argument has little traction. L'Oréal USA has done all it can to minimize the burden imposed on Vasquez. It has repeatedly explained that it does not expect her deposition to last a full day.

---

[1] The Court in the Underlying Action concluded as much after reviewing three rounds of briefing on this issue (*see* Dkt. No. 6-2, Exs. J-L), belying Vasquez's assertion that the court simply "accepted [L'Oréal USA's] conclusory general allegations that the stylists' testimony is 'plainly relevant' to their invalidity defenses." (Dkt. No. 6-1 at 4.)

(*See, e.g.*, Dkt. No. 6-2, Exs. D, H.) It has further narrowed the already-targeted document requests in the Subpoena. (Dkt. No. 6-1 at 21.) All this notwithstanding, Vasquez has refused to produce a single document responsive to the Subpoena, or to appear for deposition.

While Vasquez suggests that some of the information requested in the Subpoena may also be in the possession of Plaintiffs in the Underlying Action, Liqwd, Inc. and Olaplex LLC (together, "Olaplex") (*see* Dkt. No. 6-1 at 44-45), L'Oréal USA has been hamstrung by Olaplex's refusal to produce the information. Moreover, a similar argument was rejected when it was raised by Ms. Laris in the Northern District of Illinois. (*See* Polatoglu Decl., Ex. B at 5:18-20 (Court: "What would be L'Oréal's motivation to take a deposition only to collect information they have already got? What's their motivation?").) L'Oréal USA seeks information regarding the prior use of Olaplex's products by the very person who engaged in that use, whose name has appeared in documents produced by Olaplex.[2]

Any small burden the Subpoena imposes on Vasquez does not excuse her refusal to comply. Indeed, in her Objections to the Subpoena, Vasquez represented that she was unavailable for deposition in December, because December was the busiest time of the year for her business. (Dkt. No. 6-2, Ex. F at 3). Vasquez makes no similar claims about her schedule at this time of year. In any event, the standard is not whether discovery will impose a burden, but whether it imposes an undue burden. Fed. R. Civ. P. 45(d)(1). As the Northern District of Illinois explained when it ordered Ms. Laris to comply with her subpoena:

---

[2] Vasquez's argument that documents responsive to Request for Production No. 2, which seeks "[a]ll Documents and Communications Concerning the Olaplex Products, including, but not limited to, Social Media Content, before January 2017," are equally available to L'Oréal USA, evinces a misunderstanding of the Request. (Dkt. No. 6-1 at 21, 27.) Many social media platforms, including Facebook and Instagram, maintain private groups or messaging features. L'Oréal USA would not have access to any posts made by Vasquez in these private forums.

DEFS.' SUPP. MEMO. ISO MOT. TO COMPEL VASQUEZ'S COMPLIANCE WITH SUBPOENA

> Compliance with discovery is a nuisance. I agree. And it's complicated. And when you're a third party, it just seems like it's not fair. **But the rule of law is really important in the United States**, and it's really important to me. **And that means that, even though it's inconvenient or difficult or annoying, when you get a subpoena or your testimony is necessary for due process, you cooperate** because we live in a free society because we all comply with the rules.

(Polatoglu Decl., Ex. B at 5:24-6:8 (emphasis added).)

Finally, Vasquez's contention that L'Oréal USA's Motion is moot has been laid to rest by the District of Delaware. (Dkt. No. 6-1 at 4, 6, 28.) During a discovery teleconference held today in the Underlying Action, L'Oréal USA informed the Court that certain third parties (who are represented by counsel retained by Olaplex), have objected to discovery on the grounds that the third party discovery deadline has passed. (*See* Polatoglu Decl., ¶ 3.) The Court made clear that, if a subpoena was served prior to the original discovery cut-off date (December 21, 2018), then those third parties must comply with any discovery order relating to that subpoena. (*Id.*) As an example, the Court referenced the fact that the Northern District of Illinois just opened discovery for the limited purpose of Vicki Laris' deposition. (*See* Polatoglu Decl., ¶ 3 and Ex. B at 6:9-15). Vasquez was served with the subpoena on November 24, 2018. (Dkt. No. 6-2, Ex. C.) As such, Vasquez's argument that L'Oréal USA's Motion should be denied because the discovery cut-off has lapsed is unpersuasive.

Vasquez has been avoiding her subpoena obligations for over three months. She has conceded that she possesses information responsive to the Subpoena, but refuses to produce the same. (Dkt. No. 6-1 at 27.) She should not be permitted evade her discovery obligations any longer. As the Illinois court noted in granting a similar motion yesterday, "the rule of law is really important in the United States" and "when you get a subpoena or your testimony is necessary for due process, you cooperate." (Polatoglu Decl., Ex. B a 6:2-8.) This Court should order Vasquez to

comply with the Subpoena promptly, and award L'Oréal USA $2,500, which is only a portion of its fees and costs, for having to bring this Motion. (*See* Polatoglu Decl., ¶ 4.) Fed. R. Civ. P. 37(a)(5)(A).

DATED: February 14, 2019                    PAUL HASTINGS LLP


                                       By:             /s/
                                              Katherine F. Murray

Attorneys for Defendants
L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC. and REDKEN 5TH AVENUE NYC, LLC.

- 4 -

DEFS.' SUPP. MEMO. ISO MOT. TO COMPEL VASQUEZ'S COMPLIANCE WITH SUBPOENA